# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLOBAL WIDE MEDIA, INC.**, <br><br>Plaintiff, <br><br>vs. <br><br>**SEVADA BAGHOUMIAN**, an individual, **NEXT GEN MEDIA GROUP, INC.**, a California corporation, **DING STEVEN SUN**, an individual, and **DOES 1-10**, inclusive, <br><br>Defendants. | Case No. CV12-7362 JAK (MANx) <br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' JOINT STIPULATION RE: DISCOVERY AND CONFIDENTIALITY** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation Re: Discovery and Confidentiality ("Stipulation") filed on December 17, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this

Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 12(d), 14, 16, 20, and 25 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken their good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion

or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under

the above-captioned matter, through final judgment.

2. "Document" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation: documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM, or electronic mail; photographs or other visual or audio-visual recordings of any kind, including still or motion pictures, microfilm, microfiche, videotapes, or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

3. "Confidential Document" shall mean a Document designated as "Confidential" or as "Confidential – Attorneys' Eyes Only." "Confidential Information" shall mean confidential and/or proprietary business or financial information, including Consumer-Related Information (defined below), which has not been made available to the general public, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law.

4. "Consumer-Related Information" shall mean personally identifiable information about third party consumers that can be used by itself or in connection with other information to identify a unique individual. Consumer-Related Information includes, but is not limited to, consumer names, addresses, telephone numbers, social security numbers, and credit card numbers.

5. "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed by the law firms identified below.

6. "Designating Party" shall mean a person or party that designates a Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

7. "Producing Party" shall mean the person or party producing Documents or providing testimony or other written discovery responses in the Action, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

8. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – Attorneys' Eyes Only," or other appropriate term or terms identifying the level of confidentiality of the Document.

9. "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any Party.

10. "Receiving Party" shall mean a Party that receives materials from a Producing Party in the course of this litigation.

11. When reference is made in this Protective Order to any Document, the singular shall include the plural, and the plural shall include the singular.

12. <u>Designation of Documents</u>.

a. A Producing Party may designate non-publicly disclosed Documents as "Confidential" that the Producing Party reasonably and in good faith believes contain or refer to Confidential Information. Further, a Producing Party may designate non-publicly disclosed Documents as "Confidential – Attorneys' Eyes Only" that the Producing Party reasonably and in good faith asserts contain highly sensitive, business, and/or financial information, including confidential trade secret and Consumer-Related Information, the disclosure of which would jeopardize the Designating Party's business advantage or relationship with consumers or third parties,

and which therefore cannot be disclosed to anyone other than those persons set forth in Paragraph 13.b(c) below without prejudicing the Designating Party.

  b. A Producing Party may designate a Document as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies of the Document at the time of production, and/or by including such designation in an appropriate metadata field with the production of Electronically Stored Information. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

  c. A Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" a Confidential Document produced by someone else by informing in writing all Parties of the Bates-number of such Document within fifteen (15) days of that Party's receipt of the Document or within fifteen (15) days of the entry of this Protective Order, whichever is later. All Parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Document in their possession.

  d. Any Party may designate a deposition transcript (or any portion thereof or exhibit thereto) as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making such designation on the record during the deposition (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing counsel for all other Parties of such designation in writing within fifteen (15) days after receipt of the transcript (in which case any Party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits). The disclosing Party or non-party shall have the right

to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the court reporter, and any other agreed-upon person(s). The originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing **under seal shall also bear the legend "Subject to Protective Order" and shall be submitted for filing in accordance with the provisions of Paragraph 16 below.** Nothing in this Protective Order shall prevent a party from presenting any portion of any deposition transcript not designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any means.

13. <u>Provisions and Limitations of Use</u>.

a. All Confidential Information designed as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of the Court.

b. Information designated "CONFIDENTIAL" shall be disclosed only to: (a) the Court and its **personnel**; (b) any Party, or any officer, director, or employee of a **P**arty to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; (c) Counsel for the Parties; (d) experts and/or consultants (together with their clerical staff) retained by Counsel on behalf of the Parties, who have signed the "Non-Disclosure Certification" (attached hereto as "Exhibit A"); (e) mediators and/or discovery referees selected by Counsel

on behalf of the Parties or appointed by the Court in this action; (f) court reporter(s) employed in this action; (g) litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action; and (h) any other persons to whom the Parties agree in writing or on the record to disclose such information.  Nothing in this Protective Order prevents a Designating Party from disclosing "CONFIDENTIAL" information designated solely by it as such to any person.

        c.     Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to:  (a) the Court and its **personnel**; (b) Counsel for the Parties; (c) experts and/or consultants (together with their clerical staff) retained by Counsel on behalf of the Parties, who have signed the "Non-Disclosure Certification" (attached hereto as "Exhibit A"); (d) mediators and/or discovery referees selected by Counsel on behalf of the Parties or appointed by the Court in this action; (e) court reporter(s) employed in this action; (f) litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action; and (h) any other persons to whom the Parties agree in writing or on the record to disclose such information. Nothing in this Protective Order prevents a Designating Party from disclosing "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information designated solely by it as such to any person.

        d.     As long as Counsel has explained the contents of Exhibit A to any third party and obtained the signature of the third party, no Counsel shall be responsible for any disclosures, inadvertent or otherwise, made by the third party of any Confidential Information.

      e.    With respect to materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy thereof, may be shown the same.

      f.    All Confidential Information shall be held in confidence by **all Parties and third parties** inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each Party and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

      g.    The restrictions and obligations set forth herein shall not apply to any information that:  (i) the Parties agree should not be designated Confidential Information; (ii) is already in, or without violation of this Protective Order enters, the public domain; or (iii) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.  The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

    14.   <u>Designation by Third Parties</u>.  A third party receiving a subpoena or other request for document, information, or testimony in this Action can avail itself of the protections of this Protective Order by designating such documents, information, or testimony in the manner set forth herein in Paragraph 12.  **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

    15.   <u>Copies</u>.  Any **Party or third party** who obtains access to material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order shall not make copies, abstracts, extracts,

analyses, summaries, or other materials which contain, reflect, or disclose Confidential Information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects, or discloses Confidential Information is to be treated in accordance with the provisions of this Protective Order. All copies of material marked "Confidential" or "Confidential – Attorneys' Eyes Only" shall again be marked with the respective designation if the original mark was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" or "Confidential – Attorneys' Eyes Only" Documents as provided in this Protective Order. Any **Party or third party** making, or causing to be made, copies of any "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

16. <u>Filing Confidential Material</u>. All material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order that is filed **or lodged** with the court, and any pleadings, motions or other papers containing material designated "Confidential," shall be **submitted** in accordance with the procedures set forth in Central District of California Local Rule 79-5, and directed to the judge to whom the papers are directed. Any Party seeking to file any material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must apply for permission from the Court, **pursuant to Local Rule 79-5**, to file such material under seal and set forth with particularity in the application the reasons for seeking such permission. The Parties understand that the Parties' stipulation or the mere designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

EYES ONLY" is not sufficient to **justify** filing under seal. If the Court finds that the material is not qualified for filing under seal, the Court may direct the material be filed publicly, issue an order to show cause why the material should not be filed publicly, or issue such other order as is just. For motions, the Parties should also file a redacted version of the motion and supporting papers to the extent applicable.

17. <u>Objections to Designation</u>. At any stage of these proceedings, any Party may object to a designation of the materials as Confidential Information. Such objections will be resolved under the procedures of Local Rules 37-1 and 37-2. The materials at issue shall be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18. <u>Inadvertent Disclosures.</u>

a. The inadvertent production or disclosure of Confidential Documents or Information by a Producing Party shall not constitute a waiver of any claim of confidentiality where: (a) the Producing Party notifies the Receiving Party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the Producing Party provides properly redesignated Documents to the receiving Party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly redesignated Documents, the receiving Party shall return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All Parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

b. Upon learning that Confidential Documents or Information have been inadvertently disclosed by a receiving Party to any person or

party not authorized to receive them by this Protective Order, then the Receiving Party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such Confidential Documents or Information and to bind such person or party to the terms of this Protective Order; (c) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Protective Order and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon counsel for the Designating Party within ten (10) business days of its execution by the person or party to whom the Confidential Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Protective Order.

  c. No Party shall be responsible to another Party for disclosure of Confidential Information under the Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

  19. <u>Inadvertent Production of and Objection to Privileged or Protected Documents</u>.

  a. If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party within ten (10) business days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all

copies, shall be returned within seven (7) business days of such request unless the receiving Party intends to challenge the Producing Party's assertion of privilege or protection. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a Receiving Party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving Party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

      b.    Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the document is protected as privileged or as attorney work product.

    20.   <u>Subpoena of Confidential Document or Confidential Information</u>. If at any time any Confidential Document or Confidential Information is subpoenaed from the Parties, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Document or information, the Party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing. **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

    21.   <u>Continuation of Protection After Disposition</u>. The termination of proceedings in the Action shall not relieve any of the Parties from the

obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the Parties to the Action agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within fourteen (14) court days of the final disposition of the Action, every Party shall certify in writing that the Party has destroyed all Confidential Documents and Confidential Information (except for material in their possession prior to or obtained by means unrelated to this litigation).

22. This Protective Order may be executed in counterparts with the same force and effect as if executed in one complete document, and facsimile or scanned PDF copies of original signatures shall have the same force and effect as originals.

23. The Parties **have agreed** to be bound by the terms of **their Stipulation** pending entry of the Protective Order by the Court.

24. Any violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party. The Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

25. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

///

///

///

///

///

26. Nothing in this Protective Order should be construed as applying to evidence presented at court proceedings and/or trial. The Parties must take up such matters with the judicial officer conducting the proceeding at the appropriate time pursuant to Local Rule 79-6.

**IT IS SO ORDERED.**

DATED: February 19, 2013

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**
## **NON-DISCLOSURE CERTIFICATION**

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case entitled, *Global Wide Media, Inc. v.* Sevada Baghoumian, *et. al.*, Case No. CV12-7362 JAK (MANx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:


SIGNATURE: _____