

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLOBAL WIDE MEDIA, INC.**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**SEVADA BAGHOUMIAN**, an individual, **NEXT GEN MEDIA GROUP, INC.**, a California corporation, **DING STEVEN SUN**, an individual, **MEDIAUPSTART, INC.**, a California corporation, and **DOES 1-10**, inclusive,<br><br>Defendants. | Case No. 2:12-cv-07362-JAK-MAN<br><br>**DEFENDANTS DING STEVEN SUN AND MEDIAUPSTART INC.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CASE NO. 2:12-cv-07362-JAK-MAN        SUN AND MEDIAUPSTART'S ANSWER TO
                                      FIRST AMENDED COMPLAINT

# ANSWER

Defendants Ding Steven Sun and MediaUpstart Inc. (erroneously sued herein as "MediaUpstart, Inc.," ("MediaUpstart," and collectively, "Defendants"), in answer to the First Amended Complaint of Plaintiff Global Wide Media, Inc. ("GWM" or "Plaintiff"), herein admit, deny, and aver as follows:

## THE PARTIES

1. Defendants admit the allegations in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis deny them.

4. Defendants admit that Sun is an individual residing in or around Los Angeles, California.  Defendants admit that Sun owns and is the sole officer of Defendant MediaUpstart.  Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit that MediaUpstart is a California corporation doing business in or around Glendale, California.  Defendants admit that Sun is the President of MediaUpstart, and that MediaUpstart was incorporated in October 2012.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and on that basis deny them.

6. Defendants deny that they are liable to GWM.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and on that basis deny them.

//

## JURISDICTION AND VENUE

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

## FACTUAL BACKGROUND

### *Global Wide Media Background*

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis deny them.

10. Defendants admit that GWM is an online affiliate marketing company that seeks to connect advertisers with their targeted audience. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and on that basis deny them.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis deny them.

### *Global Wide Media Business*

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny that GWM has made substantial investments in building relationships with quality advertisers and publishers. Defendants are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 14 and on that basis deny them.

15. Defendants deny that GWM has negotiated a marketing commission model. Defendants admit that GWM has utilized the commission model described in Paragraph 15, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and on that basis deny them.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

### *GWM Proprietary Agreement*

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that basis deny them.

### *The Online Advertising Industry*

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20. To the extent Paragraph 20 alleges that Defendants lack ethics or have an "ethics gap," Defendants deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and on that basis deny them.

### *Baghoumian and Sun Conspiracy*

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants do not understand what the phrase "Campaign Optimization" refers to and therefore denies the portions of Paragraph 25 that refer to "Campaign Optimization." Defendants admit that Baghoumian and Sun had knowledge of some but not all of GWM's advertisers and publishers, including payout rates and conversion rates. Defendants deny any remaining allegations in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants do not understand what the phrases "their business" and "any such business" refer to, and on that basis, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis deny them.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

<u>Sharing Confidential Information</u>

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit that Sun and Baghoumian met with Richard Nolan at the Affiliate Summit in January 2012. Defendants admit that Sun and Nolan were friends. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

<u>Running GWM Campaigns Through Their Own Accounts</u>

38. Defendants admit that Sun owns and is the President of MediaUpstart. Defendants deny that MediaUpstart was registered as an affiliate and/or advertiser with MediaTrust as early as 2011. Defendants do not understand what the phrase "other ad networks" refers to, and on that basis, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and on that basis deny them.

39. Defendants admit that MediaUpstart earned revenue through MediaTrust while Sun was employed by GWM. Defendants deny the remaining allegations in Paragraph 39.

<u>Running Their Own Advertising Campaigns</u>

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny them.

41. Defendants admit that MediaUpstart has provided advertising services to One Technologies. Defendants deny that the remaining allegations in Paragraph 41 as they relate to Sun and are without information sufficient to form a belief as to the truth of the allegations of Paragraph 41 as they relate to Baghoumian, and on that basis deny them.

<u>Payments for GWM Inventory and Diversion of Resources</u>

42. Defendants deny the allegations in Paragraph 42.

43. Defendants admit that MediaUpstart conducted business with RTK between February 2012 and August 2012. Defendants deny the remaining allegations in Paragraph 43 as they relate to Sun and MediaUpstart, and Defendants are without information sufficient to form a

belief as to the truth of the allegations of Paragraph 43 as they relate to Baghoumian and Next Gen Media Group, Inc., and on that basis deny them.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

### Concealing and Covering Up the Conspiracy

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

### Termination of the Employee Defendants

49. Defendants deny the allegations in Paragraph 49 as they relate to Sun. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 49 as they relate to Baghoumian, and on that basis deny them.

50. Defendants deny the allegations in Paragraph 50 as they relate to Sun. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 50 as they relate to Baghoumian, and on that basis deny them.

51. Defendants admit that GWM terminated Sun and Baghoumian's employment on the same day. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and on that basis deny them.

### Post-Termination Activity

52. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53. Defendants admit that Sun recommended Baghoumian to his former employer RateSpecial Interactive, LLC, and that RateSpecial

Interactive, LLC hired Baghoumian as an email marketing manager. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and on that basis deny them.

54. Defendants admit that MediaUpstart continues to engage in business with One Technologies. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

## FIRST CLAIM FOR RELIEF
## Against All Defendants
### *Racketeer Influenced and Corrupt Organizations Act*

56. Defendants reincorporate by reference their responses to Paragraphs 1 through 55 as if fully set forth herein.

57. Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

### Defendants Racketeering Activity

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the

1 allegations.

2     63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

    64. Paragraph 64 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

    65. Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

    66. Defendants deny the allegations in Paragraph 66.

## SECOND CLAIM FOR RELIEF

### *Against All Defendants*

### Misappropriation of Trade Secrets

    67. Defendants reincorporate by reference their responses to Paragraphs 1 through 66 as if fully set forth herein.

    68. Defendants deny the allegations in Paragraph 68.

    69. Defendants deny the allegations in Paragraph 69.

    70. Paragraph 70 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

    71. Defendants deny the allegations in Paragraph 71.

    72. Defendants deny the allegations in Paragraph 72.

    73. Defendants deny the allegations in Paragraph 73.

    74. Defendants deny the allegations in Paragraph 74.

    75. Defendants deny the allegations in Paragraph 75.

    76. Defendants deny the allegations in Paragraph 76.

//

# THIRD CLAIM FOR RELIEF
## *Against All Defendants*
### Unfair Competition

77. Defendants reincorporate by reference their responses to Paragraphs 1 through 76 as if fully set forth herein.

78. Paragraph 78 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

79. Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

# FOURTH CLAIM FOR RELIEF
## *Against Employee Defendants*
### Conversion/Embezzlement

83. Defendants reincorporate by reference their responses to Paragraphs 1 through 83 as if fully set forth herein.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

# FIFTH CLAIM FOR RELIEF
## *Against Employee Defendants*
### Breach of Written Contract

86. Defendants reincorporate by reference their responses to Paragraphs 1 through 85 as if fully set forth herein.

87. Defendants admit the allegations in Paragraph 87.

88. Paragraph 88 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90. Paragraph 90 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

91. Paragraph 91 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

92. Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

93. Paragraph 93 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

94. Defendants deny the allegations in Paragraph 94.

## SIXTH CLAIM FOR RELIEF

*Against All Defendants*

## Constructive Trust

95. Defendants reincorporate by reference their responses to Paragraphs 1 through 94 as if fully set forth herein.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

//

# AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

As Defendants' First Affirmative Defense, Defendants assert that Plaintiff has failed to state a cause of action against Defendants upon which relief may be granted. Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As Defendants' Second Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages Plaintiff claims to have sustained and for which they seek recovery in this action.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

As Defendants' Third Affirmative Defense, Defendants assert that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands due to Plaintiff's fraudulent, unethical, and/or illegal conduct with relation to the subject of this action.

//

### FOURTH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

As Defendants' Fourth Affirmative Defense, Defendants assert that, on information and belief, Plaintiff waived any claim or cause of action against Defendants for the acts alleged in the First Amended Complaint, and Plaintiff should be estopped from bringing this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

As Defendants' Fifth Affirmative Defense, Defendants assert that on information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's affirmative conduct, which amounted to an assurance to Defendants that Plaintiff would not pursue the claims alleged.

### SIXTH AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction)**

As Defendants' Sixth Affirmative Defense, Defendants assert that because Plaintiff has failed to state any viable federal claim, this Court lacks subject matter jurisdiction over this action.

### SEVENTH AFFIRMATIVE DEFENSE

**(Election of Remedies)**

As Defendants' Seventh Affirmative Defense, Defendants assert that Plaintiff's action is barred and precluded by the doctrine of election of remedies because Plaintiff seeks mutually inconsistent remedies.

### EIGHTH AFFIRMATIVE DEFENSE

**(Laches)**

As Defendants' Eighth Affirmative Defense, Defendants assert that because a number of months elapsed following the alleged misconduct before Plaintiff filed this action, Plaintiff is precluded from pursuing its claims due to its delay.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As Defendants' Ninth Affirmative Defense, Defendants assert that in order to obtain equitable relief, the remedy at law must be inadequate or the damage must be irreparable. The party seeking equitable relief has the initial burden to establish the inadequacy of the remedy at law as one of the elements necessary for equitable relief. Plaintiff cannot establish that its remedy at law is inadequate.

## TENTH AFFIRMATIVE DEFENSE

### (Duress)

As Defendants' Tenth Affirmative Defense, Defendants assert that the contract on which Plaintiff seeks to rely is unenforceable by reason of duress and/or economic compulsion. Defendant Sun did not act freely and voluntarily but under the duress and compulsion when and if he entered the contract at issue in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Illegality and Unconscionability)

As Defendants' Eleventh Affirmative Defense, Defendants assert that Plaintiff cannot state a claim for breach of contract (or any derivative claim) because the contract on which Plaintiff seeks to recover is an illegal contract and/or is an unconscionable contract, in that it seeks to bar Defendant Sun from engaging in lawful employment that in competition with Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

As Defendants' Twelfth Affirmative Defense, Defendants assert that Plaintiff is barred from recovering damages in this action against Defendants because Defendants may offset any sums they owe to Plaintiff against sums that Plaintiff owes to Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

As Defendants' Thirteenth Affirmative Defense, Defendants assert that Plaintiff is barred from recovering in this action against Defendants because the contracts on which Plaintiff relies lacked the necessary consideration to form valid contracts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Novation and Modification of Contract)

As Defendants' Fourteenth Affirmative Defense, Defendants assert that Plaintiff is barred from relying on the GWM Proprietary Agreement attached to its complaint because that agreement was modified or replaced at the time of GWM's termination of Sun.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Arbitrate)

As Defendants' Fifteenth Affirmative Defense, Defendants assert that the contract on which Plaintiff seeks to rely expressly provides for arbitration of all disputes. Plaintiff has failed to comply with the agreement to arbitrate, and the agreement precludes this litigation.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend their answer to assert such additional affirmative defenses.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's First Amended Complaint and asserted the above affirmative defenses, Defendants pray that judgment be rendered in their favor and that Plaintiff's claims, and each of them, be dismissed in their entirety with prejudice and costs awarded to Defendants.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants respectfully demand that this action be tried to a jury of the maximum number allowable by law, on all issues so triable.

Respectfully submitted,

DATED: March 18, 2013         KRONENBERGER ROSENFELD, LLP

By: *Jeffrey M. Rosenfeld* (signature)
       Jeffrey M. Rosenfeld

Attorneys for Defendants

